# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:  _____

Natasha Witley,

      Plaintiff/Movant,

Delanore, Kemper & Associates, LLC; and
DOES 1-10, inclusive,

      Defendants.

---

## COMPLAINT

---

For this Complaint, the Plaintiff, Natasha Witley, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and repeated violations of the Colorado Fair Debt Collection Practices Act, Colo. Rev. Stat. § 12-14-101, *et seq.* ("CFDCPA") by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.     Plaintiff, Natasha Witley ("Plaintiff"), is an adult individual residing in Pueblo,

Colorado, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.       Defendant Delanore, Kemper & Associates, LLC ("Delanore"), is a defendant with an address of 2221 Peachtree Road, # 473, Suite D Atlanta, Georgia 30309, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.       Does 1-10 (the "Collectors") are individual collectors employed by Delanore and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.       Delanore at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.       The Plaintiff incurred a financial obligation (the "Debt") to a Creditor (the "Creditor").

9.       The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to  for collection, or  was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Engages in Harassment and Abusive Tactics

## FACTS

12.      Within the last year, Delanore contacted Plaintiff in an attempt to collect the Debt.

13.      Delanore threatened to take immediate legal action against Plaintiff if she did not

immediately pay the Debt. Plaintiff is peculiarly susceptible to threats as she has been diagnosed as a high risk pregnancy.

14.     Delanore threatened to contact Plaintiff's family and demand money from them if Plaintiff did not immediately pay the Debt.

15.     Delanore failed to inform Plaintiff of her rights under the state and federal laws by written correspondence within 5 days after the initial communication, including the right to dispute the Debt.

## C. **Plaintiff Suffered Actual Damages**

16.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

17.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment, and a panic attack

18.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FEDERAL FAIR DEBTCOLLECTION PRACTICES ACT - 15 U.S.C. § 1692, *et seq.*

19.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

21.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the debt.

22.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed.

23.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days.

24.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

25.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

26.     The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the debt had not been verified.

27.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE COLORADO FAIR DEBTCOLLECTION PRACTICES ACT
## Colo. Rev. Stat. § 12-14-101, et seq.

29.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.     The Plaintiff is a "consumer" as defined by Colo. Rev. Stat. § 12-14-103(4).

31.     The Defendants are a "collection agency" and "debt collectors" as defined by Colo. Rev. Stat. § 12-14-103(2) and (7).

32.     The Defendants threatened to take action that could not legally be taken or that was not intended to be taken, in violation of Colo. Rev. Stat. § 12-14-107(1)(e).

33.     The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating the amount of the debt, in violation of Colo. Rev. Stat. § 12-14-109(1)(a).

34.     The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating the name of the creditor to whom the debt was owed, in violation of Colo. Rev. Stat. § 12-14-109(1)(b).

35.     The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating that unless the Plaintiff, within thirty days after receipt of the notice, disputed the validity of the debt, or any portion thereof, the debt would be assumed to be valid by the Defendants, in violation of Colo. Rev. Stat. § 12-14-109(1)(c).

36.     The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating that if the Plaintiff notified the Defendants in writing within the thirty-day period that the debt, or any portion thereof, was disputed, the Defendants would obtain verification of the debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment would be mailed to the Plaintiff by the Defendants, in violation of Colo. Rev. Stat. § 12-14-109(1)(d).

37.     The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating that upon the Plaintiff's written request within

the thirty-day period, the Defendants would provide the Plaintiff with the name and address of

the original creditor, if different from the current creditor, in violation of Colo. Rev. Stat. § 12-

14-109(1)(e).

38.     The foregoing acts and omissions of the Defendant constitute numerous and

multiple violations of the CFDCPA, including every one of the above-cited provisions.

39.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in his favor and

against the Defendants as follows:

1.    Against the named Defendants, jointly and severally, awarding Plaintiff actual
damages pursuant to 15 U.S.C. § 1692k(a)(1) or Colo. Rev. Stat. § 12-14-
113(1)(a);

2.    Against each of the named Defendants, awarding Plaintiff statutory damages of
$1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) or Colo. Rev. Stat. § 12-14-
113(1)(b);

3.    Against the named Defendants, jointly and severally, awarding Plaintiffs
recovery of his litigation costs of litigation and reasonable attorney's fees
pursuant to 15 U.S.C. § 1692k(a)(3) and Colo. Rev. Stat. § 12-14-113(1)(c);

4.    Granting Plaintiff such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: July 5, 2011

Respectfully submitted,

By __/s/ Lark Fogel_____

        Lark Fogel, Esq.
        Bar Number: 030383
        P.O. Box 2486
        Elizabeth, Colorado 80107
        Tel. 303.596.4838
        Fax.203.653.3424
        larklaw@gmail.com
        Attorneys for Plaintiff

        Of Counsel To:

        LEMBERG & ASSOCIATES L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424

        Plaintiff:
        Natasha Witley
        1110 West 16th Street
        Pueblo, Colorado 81003